IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DeCARLOS GARRETT | § | |
| v. | § | CIVIL ACTION NO. 9:09cv136 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner DeCarlos Garrett, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of disciplinary action taken against him during his confinement in TDCJ-CID. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Garrett says that he was convicted of the disciplinary offense of establishing a business, asserting that he was punished for an unposted rule and that nowhere in the library is the "Safe Prisons Plan" listed; he wished to see a form, apparently associated with this plan, but was not allowed to do so. Garrett says that he is "actually innocent" of the charged offense because he had been "previously approved by the Director's Review Committee to write for a fee," and the letter used as evidence did not show that he had committed the prohibited act of establishing a business. Garrett also says that he was denied relevant witnesses without being given a reason for this denial.

As punishment for the disciplinary offense, Garrett says that he received 30 days of cell, commissary, and recreation restrictions, to remain in Line Class III status, and the loss of 90 days of good time. Garrett acknowledges in his complaint that he is not eligible for release on mandatory supervision.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that Garrett had not shown that the punishments imposed in the disciplinary case violated any constitutionally protected liberty interests, as set out in the Supreme Court's decision in <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2301 (1995). As a result, the Magistrate Judge said, Garrett failed to show that he was denied any process which he was due, given the lack of violation of any such interests.

Garrett filed objections to the Magistrate Judge's Report on September 2, 2003. In his objections, Garrett says first that he did not sign the consent form, and thus did not consent to proceed before the Magistrate Judge in accordance with 28 U.S.C. §636(c); hence, he says that the Report was "improperly submitted."

Second, Garrett states that the Magistrate Judge showed "a lack of impartiality" by making a recommendation without investigating the facts forming the basis of the complaint. Instead, he says, the Report was "based on the face of the complaint alone." He says that had additional filings been ordered, he could have showed the Court how disciplinary cases sustained against him negatively affect his release. In addition, he says, such disciplinary cases could be used against him in the future as "extraneous bad acts" in any future criminal prosecutions which he may face. He says that the disciplinary case caused him to be housed in "high security" while in prison, and it could be used against him in a future criminal prosecution, implying that these are protected liberty interests implicated by the disciplinary case. Garrett thus asks that the Magistrate Judge's Report not be accepted and that his petition be allowed to go forward, or that the disciplinary case be reversed.

The fact that Garrett did not sign the consent form means that the Magistrate Judge lacks the authority to enter final judgment in the case. 28 U.S.C. §636(c). The Magistrate Judge has not entered any final judgment in this case; rather, the case was referred to the Magistrate Judge for pre-trial matters, and the Magistrate Judge submitted a Report recommending disposition of the case.

2

No consent is necessary for such a referral. Brunig v. Clark, 560 F.3d 292, 294 (5th Cir. 2009); Carbe v. Lappin, 492 F.3d 325, 327 (5th Cir. 2007). This objection is without merit.

Next, Garrett appears to argue that the Magistrate Judge erred in recommending dismissal from the petition alone, without investigating the facts. Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts* permits the dismissal of a petition without requiring an answer if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," Because it plainly appeared from the face of the petition that Garrett had not shown the deprivation of a constitutionally protected liberty interest, the Magistrate Judge did not err in recommending dismissal without requiring an answer. This objection is without merit.

Third, Garrett argues in effect that the disciplinary case did implicate a protected liberty interest. He says that he can show that it affected his release, and that it could be used against him in any future criminal case. As the Magistrate Judge said, however, Garrett is not eligible for release on mandatory supervision, and so any effect which the case could have had on his release would have been with regard to release on parole. However, there is no constitutional right or expectancy to release on parole in the State of Texas, and the timing of such a release is too speculative to give rise to a constitutionally protected liberty interest. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). The fact that this disciplinary case may have had some effect upon Garrett's release on parole does not implicate a constitutionally protected liberty interest.

While Garrett says that this case could be used against him in a future criminal proceeding, he fails to show that he actually faces any such proceedings. The hypothetical possibility that a future criminal proceeding may someday take place, and that this disciplinary case could be used in the proceeding to Garrett's detriment, is not sufficient to give rise to a protected liberty interest in the disciplinary proceeding. *See* Malchi, 211 F.3d at 959 (noting that the speculative nature of the timing of the prisoner's release negates the existence of a liberty interest); Greenholtz v. Inmates of

3

Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979) ("mere hope" of parole, being speculative, did not convey a protected liberty interest). This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner DeCarlos Garrett is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED** this the 4 day of **September, 2009.**

_____
Thad Heartfield
United States District Judge